<u>NOT FOR PUBLICATION</u>

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

|  |  |  |
|---|---|---|
| | : | |
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Crim. No. 13-429 (RBK) |
| | : | |
| v. | : | **OPINION** |
| | : | |
| WILLIAM GIDEON, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

**KUGLER**, United States District Judge:

This matter comes before the Court upon Defendant's Motion for Reduction of Sentence

Under First Step Act (Doc. 327) and Defendant's Motion to Appoint Counsel (Doc. 326).

### I.      BACKGROUND

Defendant is William Gideon, an inmate at FCI Allenwood Medium. In 2013, Gideon was

charged in a criminal complaint with conspiracy to distribute and with possession with intent to

distribute 100 grams or more of a mixture or substance containing a detectable amount of heroin,

a mixture and substance containing a detectable amount of cocaine, and 280 grams or more of a

mixture of substance containing cocaine base, in violation of 21 U.S.C. §§ 846 and 841(a)(1) and

(b)(1)(a). (Doc. 1.) In 2015, Gideon pleaded guilty to a Superseding Information, charging him

with conspiracy to distribute and to possess with intent to distribute: 100 grams or more of heroin,

28 grams or more of cocaine base, and 500 grams or more of cocaine, contrary to 21 U.S.C. §§

841(a)(1) and 841(b)(1)(B), in violation of 21 U.S.C. § 846. (Doc. 200).

### II.      LEGAL STANDARD

### A.  Motion for Reduction of Sentence Under First Step Act

Under the recently enacted First Step Act, a court may afford a defendant "compassionate release for 'extraordinary and compelling reasons.'" *United States v. Sellers*, Crim. No. 10-434, 2020 WL 1972862, at *1 (D.N.J. Apr. 24, 2020) (quoting 18 U.S.C. § 3582(C)(1)(A)(i)). Before bringing a motion for reduced sentence on their own behalf, defendants first "must ask the Bureau of Prisons ('BOP') to do so on their behalf, give BOP thirty days to respond, and exhaust any available administrative appeals." *United States v. Raia*, 954 F.2d 594, 595 (3d Cir. 2020) (citing § 3582(c)(1)(A)). "Thus, under the First Step Act, a defendant seeking a reduction in his term of imprisonment bears the burden of satisfying both that he has (1) exhausted remedies before seeking judicial review, and (2) that compelling and extraordinary reasons exist to justify compassionate release." *Sellers,* 2020 WL 1972862 at *1 (citing 18 U.S.C. § 3582(C)(1)(A)).

At this second step, a court may reduce an inmate's sentence pursuant to 18 U.S.C. § 3852(c)(1)(A) "if the court finds that (1) extraordinary and compelling reasons warrant a reduction, (2) the reduction would be consistent with applicable policy statements issued by the Sentencing Commission, and (3) the applicable sentencing factors under § 3553(a) warrant a reduction." *United States v. Pabon*, Crim. No. 17-165-1, 2020 WL 2112265, at *2 (E.D. Pa. May 4, 2020).

## III.  DISCUSSION

### A.  Motion for Reduction of Sentence Under First Step Act

The parties agree that Gideon has satisfied the exhaustion requirement and is thus permitted to bring a motion for reduced sentence in this Court. Thus, the Court focuses on the second step of the analysis: (1) whether Gideon has demonstrated that extraordinary and compelling reasons exist for his release and (2) whether the Section 3553(a) factors weigh in Gideon's favor.

#### 1.  Whether Extraordinary and Compelling Reasons Exist

Gideon asserts that the COVID-19 pandemic and his high blood pressure constitute extraordinary and compelling circumstances warranting a reduction in his sentence. (Mot. at 8.) As an initial matter, while the Court does not seek to undermine the seriousness of this pandemic, the Court finds Gideon's general arguments regarding the existence of COVID-19 unpersuasive. The Third Circuit recently addressed the issue of COVID-19 as it pertains to prison populations, stating that the "mere existence of COVID-19 in society and the possibility that it may spread" in a particular prison "alone cannot independently justify compassionate release." *Raia*, 954 F.3d 594 at 597.

Moreover, Gideon's arguments about the presence of COVID-19 at FCI Allenwood Medium are also unpersuasive. The Court recognizes that there have been 47 cases of COVID-19 among inmates at FCI Allenwood Medium.[1] However, there have been zero deaths among inmates and zero deaths among staff related to COVID-19 at FCI Allenwood Medium.[2] Thus, standing alone, the relatively low existence of COVID-19 at FCI Allenwood Medium is insufficient to show "extraordinary and compelling reasons" for release. *See United States v. Brown*, No. 13-282, 2020 WL 4244859, at *3 (W.D. Pa. July 29, 2020) (denying compassionate release motion despite the presence of COVID-19 at Loretto FCI); *United States v. Snyder*, No. 19-00200, 2020 WL 5993772, at *1 (M.D. Pa. Oct. 9, 2020) (same); *United States v. Stevens*, Crim. No. 19-350-02, 2020 WL 1888968, at *4 (E.D. Pa. Apr. 16, 2020) ("Although the Court is aware of the dangers posed by COVID-19 and is sympathetic to [Defendant's] concern about COVID-19 given his diabetes, speculation about possible future conditions at the FDC does not constitute an exceptional reason for release.") (collecting cases); *United States v. Haney*, Crim. No. 19-541, 2020 WL 1821988 at

---

[1] *COVID-19 Coronavirus*, Federal Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 14, 2020).
[2] *Id.*

*5 (S.D.N.Y. Apr. 13, 2020) (denying a 61-year-old defendant's request for early release, stating that although the prison has several confirmed cases of COVID-19, "there is no meaningful counter-evidence suggesting that the COVID-19 virus is rapidly spreading in the [prison]"); *Sellers,* 2020 WL 1972862 at *2 (finding "the measures instituted by the BOP to be reasonable to address the virus outbreak" at a federal prison in New York even though several inmates had tested positive).

The Court is sympathetic and recognizes the potential for Gideon's exposure to COVID-19 at FCI Allenwood Medium. Unfortunately, that potential exists anywhere in society. For example, if his motion was granted, Gideon may return to Camden County upon release. However, Camden County has had over 23,000 confirmed COVID-19 cases and at least 659 deaths associated with COVID-19.[3] Accordingly, Camden County has experienced a higher rate of COVID-19-related fatalities than FCI Allenwood Medium.

Moreover, the mere presence of COVID-19 at a prison, does not entitle every offender with a medical condition to compassionate release. *See, e.g.*, *United States v. Roeder*, 807 Fed. App'x 157, 161 n.16 (3d Cir. 2020). Rather, Gideon must establish that the risks to him, in light of his individual medical conditions and circumstances, are so extraordinary and compelling that the Court should release him with significant time left on his sentence. Gideon does go a step beyond arguing risks of COVID-19 generally by arguing that he is particularly vulnerable to the virus because he has high blood pressure. (Mot. at 3.)

The Court looks to guidance from the CDC to determine whether Gideon falls into a high-risk category that would present extraordinary and compelling circumstances for release. According to this guidance, certain categories of individuals face a higher risk of contracting

---

[3] *COVID-19 Update*, Camden County, https://www.camdencounty.com/service/covid-19-updates-and-preparations/most-recent-updates/ (last visited Dec. 14, 2020).

severe cases of COVID-19.[4] These include "older adults"—defined as "65 years and older"—and "people of any age who have serious underlying medical conditions." *Id.* The serious medical conditions referenced include cancer, chronic kidney disease, heart conditions, weakened immune system from solid organ transplant, obesity, smoking, and type 2 diabetes mellitus.[5]

Based on this guidance, Gideon does not establish extraordinary and compelling reasons for his release. Because he is not 65 years old, Gideon is not categorized as an "older adult." Additionally, Gideon does not assert that he has any of the enumerated conditions under CDC guidance, other than general hypertension. However, general high blood pressure does not constitute a high-risk category. Moreover, the record demonstrates that Gideon's hypertension has been successfully managed through medication during his imprisonment at FCI Allenwood Medium. (*See* Opp. at 10.) Thus, when considering all circumstances impacting Gideon, and because Gideon's health conditions do not place him at a significantly greater risk of complications from COVID-19, he does not meet the required "extraordinary and compelling" standard for reduction of his sentence. *See United States v. Epstein*, Crim. No. 14-287-1, 2020 WL 2537648 (D.N.J. May 19, 2020) (denying an inmate's motion for sentence reduction after finding that his health conditions were under control while in prison).

### 2.  Section 3553(a) Factors

Moreover, an analysis of the Section 3553(a) factors further supports the denial of Gideon's request for sentence reduction. In considering whether to reduce a defendant's sentence, a court must look to the factors contained in 18 U.S.C. § 3553(a). These factors include:

---

[4] *People at Increased Risk for Severe Illness*, Center for Disease Control, (Sept. 11, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[5] *People with Certain Medical Conditions*, Center for Disease Control, (Oct. 16, 2020) https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
> (2) the need for the sentence imposed—
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>> (B) to afford adequate deterrence to criminal conduct;
>> (C) to protect the public from further crimes of the defendant; and
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner

18 U.S.C. § 3553.

Gideon argues that the factors weigh in his favor because he "no longer has any desire for a criminal lifestyle," and he has "demonstrated his efforts to change his life during his time at FCI Allenwood." (Mot. at 12–13.) While the Court commends Gideon for his actions while in prison, the Court finds that the Section 3553(a) factors weigh against compassionate release. In so finding, the Court considers Gideon's characteristics and history. As an adult, Gideon was convicted five times for possession of marijuana, prowling in public places, and possession with intent to distribute CDS within 1,000 feet of a school. (Opp. at 13 (citing Pre-Sentence Report.)) These convictions categorized Gideon as a career offender. (*See id.* (citing Pre-Sentence Report.)) Based on these prior convictions for drug-related offenses, the Court is concerned that Gideon may pose a danger to public safety if released. This concern alone is sufficient to deny compassionate release. *See, e.g.*, *United States v. Santiago*, No. 16-505, 2020 WL 4015245, at *4 (E.D. Pa. July 15, 2020) (denying compassionate relief where defendant had prior drug convictions due to concern that defendant would remain a danger to the community). Moreover, the Court imposed this sentence on Gideon in order to provide just punishment and adequate deterrence. The Court sees no reason to suddenly depart from that sentence now.

Thus, on these facts and the totality of Gideon's actions, this Court finds that the Section 3553(a) factors weigh against granting Gideon's Motion for a reduced sentence. In finding so, the

Court is cognizant of the need to protect the public and the seriousness of Gideon's conduct. *See United States v. Butler*, Crim. No. 19-834-10, 2020 WL 1689778, at \*3 (S.D.N.Y. Apr. 7, 2020) (denying a motion for early release of a MDC inmate with asthma and a serious heart condition, after finding that, "[w]hile the prospect of contracting COVID-19 undeniably presents a serious risk to [the defendant's] health, his [early] release . . . at least equally exposes the community to a serious risk that he would resume violence."). Accordingly, the Motion for Compassionate Release is **DENIED**.

## IV.    CONCLUSION

For the reasons contained herein, Gideon's Motion for Reduction of Sentence Under First Step Act (Doc. 327) is **DENIED**, and Gideon's Motion to Appoint Counsel (Doc. 326) is **DENIED AS MOOT**. An accompanying Order shall issue.


Dated: 12/14/2020                                          /s/ Robert B. Kugler
                                                           ROBERT B. KUGLER
                                                           United States District Judge